UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD C. ADAMS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00210-RCJ-VPC |
| vs. ) | |
| ) | |
| SILAR ADVISORS, LP et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a follow-on lawsuit to *3685 San Fernando Lenders, LLC v. Compass USA SPE, LLC*, No. 2:07-cv-892-RCJ-GWF (the "USA Commercial Case"). Pending before the Court is a Motion to dismiss ECF No. 178). For the reasons given herein, the Court grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiffs in the present case are 1188 direct lenders who name thirty-five Defendants: (1) four Silar entities (collectively, "Silar"); (2) eight Compass entities (collectively, "Compass"); (3) five individuals, including Boris Piskun and David Blatt, who were defendants in the USA Commercial Case (the "Compass Principals"); (4) five individuals (the "Silar Principals"); (5) Mark Olson, a former principal of USA Commercial and later employee of Compass; (6) Windemere Capital, LLC ("Windemere"); (7) Oakbridge Capital, Inc. ("Oakbridge"); (8) Economic Growth Group, Inc. ("EGG"); (9) Repotex, Inc.; (10) Servicing Oversight Solutions, LLC ("SOS"); (11) SOS principal Michael D. Reiner; (12) Compass' former attorney Tyson Lomazow; (13) Great White NV, Inc. ("Great White"); (14) Great White principal Craig Orrock; and (15) Citron Investment Group, Inc. ("Citron"), a "subservicer" for Compass, and its

principals Michael Citron and Danielle Citron (collectively, the "Citron Defendants"). (*See* Second Am. Compl. ¶¶ 2–39, Apr. 13, 2011, ECF No. 35).

The Second Amended Complaint ("SAC") listed nine causes of action: (1) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 (all Defendants); (2) violations of Nevada's RICO statute under Chapter 207 of the Nevada Revised Statutes ("NRS") (all Defendants); (3) Elder Abuse under NRS section 41.1395 (all Defendants); (4) Breach of Contract (Compass and Silar); (5) Breach of the Implied Covenant of Good Faith and Fair Dealing (Compass, Silar, and their principals); (6) Breach of Fiduciary Duty (Compass, Silar, and their principals); (7) Conversion (all Defendants); (8) Civil Conspiracy (all Defendants); and (9) Declaratory Judgment (Compass and Silar). (*See id.* ¶¶ 162–221, 229–31). Plaintiffs also brought nominal claims for alter ego, constructive trust, and attorneys' fees, but these are legal theories and measures of relief not amounting to independent causes of action. (*See id.* ¶¶ 222–28, 232–35). Plaintiffs later filed a "supplement" to the SAC indicating that six Plaintiffs wished to be removed, that twenty-six Plaintiffs wished to be added, and that nine existing Plaintiffs did not wish to pursue their claims against two particular Defendants. (*See* Supplement, May 20, 2011, ECF No. 42).

The Court previously adjudicated three motions to dismiss the SAC, including Defendant Tyson Lomazow's motion. Plaintiffs have now filed the Third Amended Complaint ("TAC"), erroneously entitled as the "Second Amended Complaint," (*see* Third Am. Compl., Nov. 1, 2012, ECF No. 176), which Lomozow has moved to dismiss for failure to cure the defects in the SAC as against him.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

1  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
2  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
3  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
4  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for
5  failure to state a claim, dismissal is appropriate only when the complaint does not give the
6  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
7  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
8  sufficient to state a claim, the court will take all material allegations as true and construe them in
9  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
10 Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
11 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
12 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
13 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
14 is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)
15 (citing *Twombly*, 550 U.S. at 555).

16      "Generally, a district court may not consider any material beyond the pleadings in ruling
17 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
18 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
19 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
20 whose contents are alleged in a complaint and whose authenticity no party questions, but which
21 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
22 motion to dismiss" without converting the motion to dismiss into a motion for summary
23 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
24 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
25 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

In his previous motion, Lomazow noted that the SAC included few factual allegations against him. Plaintiffs alleged that he "is a resident of the State of New York [who] served as legal counsel to Compass in connection with the Loans from 2007–2008." (*See* Second Am. Compl. ¶ 33). They alleged that "Compass's and Silar's wrongful loan servicing enterprise was assisted by the legal advice of Lomazow, who rendered erroneous legal opinions that purported to justify their misconduct." (*See id.* ¶ 84). Plaintiffs based the federal and state RICO claims against Lomazow entirely upon those two allegations. (*See id.* ¶¶ 172, 183). The Court dismissed, with leave to amend. The TAC lists few allegations against Lomozow in the eighteen paragraphs in which it mentions his name, essentially amounting to the following: (1) that he is a New York resident; (2) that he represented Compass as an attorney to help Compass structure its affairs; and (3) that he communicated and negotiated with other entities in this capacity. (*See* Third Am. Compl. ¶¶ 20, 55–57, 59–60, 65, 73, 80, 86, 94, 97, 105, 142, 153, 174–176). Lomozow is correct that the TAC fails to state a claim against him for the same reasons the SAC failed to state a claim against him. Although Plaintiffs have added his name in more separate paragraphs, they have again simply accused him of providing Compass with legal advice, characterizing his legal services as "direct[ing] and otherwise participat[ing]" in the wrongdoing and lumping him in with Compass' principals in conclusory fashion. But nowhere is he accused of being a principal or otherwise directing Compass' activities beyond the scope of his role as Compass' attorney.

"[O]ne is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). It is a

1  question of fact whether a person, corporate attorney or not, exercises enough control over a
2  corporation to be implicated under § 1962(c). *See Ikuno v. Yip*, 912 F.2d 306, 310 (9th Cir. 1990)
3  ("[W]e hold that a finding of control under § 1962(b) is best determined by the circumstances of
4  each case and does not require formal control such as the holding of majority stock or actual
5  designation as an officer or director.  Li was the incorporator of KLCL, negotiated a lease for it,
6  signed its corporate reports in a space designated for officers and directors of the corporation and
7  held himself out as the company's attorney.  This evidence at least raises a genuine issue of
8  material fact as to whether Li possessed sufficient control over KLCL to be held liable under §
9  1962(b)." (citation omitted)).   In *Ikuno*, Li was the defendant corporation's attorney, but that was
10 not his only role.  He was also its incorporator and a de facto corporate officer. *See id.*  It was for
11 this reason that he was potentially liable.  But the provision of legal advice, erroneous or not,
12 cannot alone form the basis of a RICO claim. *Baumer v. Pachel*, 8 F.3d 1341, 1344 (9th Cir.
13 1993) ("Pachl at no time held any formal position in the limited partnership.  Nor did he play any
14 part in directing the affairs of the enterprise.  Pachl's role was limited to providing legal services
15 to the limited partnership and EPA.  Whether Pachl rendered his services well or poorly, properly
16 or improperly, is irrelevant to the *Reves* test.  We are therefore compelled to conclude that under
17 the *Reves* 'operation or management' test the complaint fails to allege a § 1962(c) cause of action
18 as to Pachl."); *accord Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (citing *Reves*, 507
19 U.S. at 179) ("In sum, the pleadings show that Temple and her firm were part of the enterprise
20 but fail to show that she or her firm had 'some part in directing its affairs.'  One can be 'part' of
21 an enterprise without having a role in its management and operation.  Simply performing services
22 for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside.'
23 Accordingly, neither reasonable inferences, nor triable issues, exist sufficient to subject Temple
24 or her firm to liability under § 1962(c)." (citation omitted)).
25          Here, Plaintiffs allege only that Lomazow was Compass' attorney and that he provided

services in this capacity. Lomazow is not automatically immune from a Compass-related RICO claim simply because he was Compass' attorney, but neither is he automatically implicated by that fact. Plaintiffs must allege, and later show, that he had a requisite degree of control over Compass' operation or management, and they have not alleged this. They allege only that he gave Compass incorrect legal advice, not that he controlled Compass or was in any other way involved in Compass' activities. Lomazow's alleged close involvement in various aspects of his clients' activities is still only close involvement in the role of an attorney, a party that will necessarily be closely involved in his clients' complex business activities. It does not indicate the control that is necessary to implicate him in a conspiracy or other tort.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 178) is GRANTED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge