1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

LEONARD C. ADAMS et al.,                    )
                                            )
7              Plaintiffs,                   )
                                            )
8        vs.                                 )          3:11-cv-00210-RCJ-VPC
                                            )
9                                           )
SILAR ADVISORS, LP et al.,                  )          **ORDER**
                                            )
10             Defendants.                   )
                                            )
11 _____      )

12        This is a follow-on lawsuit to *3685 San Fernando Lenders, LLC v. Compass USA SPE,*

13 *LLC*, No. 2:07-cv-892-RCJ-GWF (the "USA Commercial Case").  Pending before the Court is a

14 Motion to Reconsider (ECF No. 199).  For the reasons given herein, the Court denies the motion.

15 **I.      FACTS AND PROCEDURAL HISTORY**

16        Plaintiffs in the present case are 1188 direct lenders who name thirty-five Defendants: (1)

17 four Silar entities (collectively, "Silar"); (2) eight Compass entities (collectively, "Compass");

18 (3) five individuals, including Boris Piskun and David Blatt, who were defendants in the USA

19 Commercial Case (the "Compass Principals"); (4) five individuals (the "Silar Principals"); (5)

20 Mark Olson, a former principal of USA Commercial and later employee of Compass; (6)

21 Windemere Capital, LLC ("Windemere"); (7) Oakbridge Capital, Inc. ("Oakbridge"); (8)

22 Economic Growth Group, Inc. ("EGG"); (9) Repotex, Inc.; (10) Servicing Oversight Solutions,

23 LLC ("SOS"); (11) SOS principal Michael D. Reiner; (12) Compass' former attorney Tyson

24 Lomazow; (13) Great White NV, Inc. ("Great White"); (14) Great White principal Craig Orrock;

25 and (15) Citron Investment Group, Inc. ("Citron"), a "subservicer" for Compass, and its

1   principals Michael Citron and Danielle Citron (collectively, the "Citron Defendants").

2   (*See* Second Am. Compl. ¶¶ 2–39, Apr. 13, 2011, ECF No. 35).

3       The Second Amended Complaint ("SAC") listed nine causes of action: (1) violations of

4   the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 (all

5   Defendants); (2) violations of Nevada's RICO statute under Chapter 207 of the Nevada Revised

6   Statutes ("NRS") (all Defendants); (3) Elder Abuse under NRS section 41.1395 (all Defendants);

7   (4) Breach of Contract (Compass and Silar); (5) Breach of the Implied Covenant of Good Faith

8   and Fair Dealing (Compass, Silar, and their principals); (6) Breach of Fiduciary Duty (Compass,

9   Silar, and their principals); (7) Conversion (all Defendants); (8) Civil Conspiracy (all

10  Defendants); and (9) Declaratory Judgment (Compass and Silar). (*See id.* ¶¶ 162–221, 229–31).

11  Plaintiffs also brought nominal claims for alter ego, constructive trust, and attorneys' fees, but

12  these are legal theories and measures of relief not amounting to independent causes of action.

13  (*See id.* ¶¶ 222–28, 232–35).  Plaintiffs later filed a "supplement" to the SAC indicating that six

14  Plaintiffs wished to be removed, that twenty-six Plaintiffs wished to be added, and that nine

15  existing Plaintiffs did not wish to pursue their claims against two particular Defendants. (*See*

16  Supplement, May 20, 2011, ECF No. 42).

17      The Court previously adjudicated three motions to dismiss the SAC, including Defendant

18  Tyson Lomazow's motion.  Plaintiffs then filed the Third Amended Complaint ("TAC"),

19  erroneously entitled as the "Second Amended Complaint," (*see* Third Am. Compl., Nov. 1, 2012,

20  ECF No. 176), which Lomozow also moved to dismiss for failure to cure the defects in the SAC

21  as against him.  The Court granted the motion for the same reasons it granted his previous

22  motion.  Plaintiff have asked the Court to reconsider.

23  **II.   DISCUSSION**

24      Without recounting the case law or deficient allegations for a third time, the Court will

25  summarize that Plaintiffs have alleged only that Lomazow gave Compass incorrect legal advice,

1    not that he controlled Compass or was in any other way involved in Compass' activities.

2    **CONCLUSION**

3      IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 199) is DENIED.

4      IT IS SO ORDERED.

5    Dated this 25th day of April, 2013.

6

7                           _____

                             ROBERT C. JONES

                           United States District Judge