# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD C. ADAMS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00210-RCJ-VPC |
| vs. ) | |
| ) | |
| SILAR ADVISORS, LP et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a follow-on lawsuit to *3685 San Fernando Lenders, LLC v. Compass USA SPE, LLC*, No. 2:07-cv-892-RCJ-GWF (the "USA Commercial Case"). Pending before the Court is a Motion to Substitute and Consolidate (ECF No. 184). For the reasons given herein, the Court grants the motion in part and denies it in part as moot.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs in the present case are 1188 direct lenders who name thirty-five Defendants: (1) four Silar entities (collectively, "Silar"); (2) eight Compass entities (collectively, "Compass"); (3) five individuals, including Boris Piskun and David Blatt, who were defendants in the USA Commercial Case (the "Compass Principals"); (4) five individuals (the "Silar Principals"); (5) Mark Olson, a former principal of USA Commercial and later employee of Compass; (6) Windemere Capital, LLC ("Windemere"); (7) Oakbridge Capital, Inc. ("Oakbridge"); (8) Economic Growth Group, Inc. ("EGG"); (9) Repotex, Inc.; (10) Servicing Oversight Solutions, LLC ("SOS"); (11) SOS principal Michael D. Reiner; (12) Compass' former attorney Tyson Lomazow; (13) Great White NV, Inc. ("Great White"); (14) Great White principal Craig Orrock;

and (15) Citron Investment Group, Inc. ("Citron"), a "subservicer" for Compass, and its principals Michael Citron and Danielle Citron (collectively, the "Citron Defendants"). (*See* Second Am. Compl. ¶¶ 2–39, Apr. 13, 2011, ECF No. 35).

      The Second Amended Complaint ("SAC") listed nine causes of action: (1) violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 (all Defendants); (2) violations of Nevada's RICO statute under Chapter 207 of the Nevada Revised Statutes ("NRS") (all Defendants); (3) Elder Abuse under NRS section 41.1395 (all Defendants); (4) Breach of Contract (Compass and Silar); (5) Breach of the Implied Covenant of Good Faith and Fair Dealing (Compass, Silar, and their principals); (6) Breach of Fiduciary Duty (Compass, Silar, and their principals); (7) Conversion (all Defendants); (8) Civil Conspiracy (all Defendants); and (9) Declaratory Judgment (Compass and Silar). (*See id.* ¶¶ 162–221, 229–31). Plaintiffs also brought nominal claims for alter ego, constructive trust, and attorneys' fees, but these are legal theories and measures of relief not amounting to independent causes of action. (*See id.* ¶¶ 222–28, 232–35). Plaintiffs later filed a "supplement" to the SAC indicating that six Plaintiffs wished to be removed, that twenty-six Plaintiffs wished to be added, and that nine existing Plaintiffs did not wish to pursue their claims against two particular Defendants. (*See* Supplement, May 20, 2011, ECF No. 42).

      The Court adjudicated three motions to dismiss the SAC, including Defendant Tyson Lomazow's motion. Plaintiffs then filed the Third Amended Complaint ("TAC"), erroneously entitled as the "Second Amended Complaint," (*see* Third Am. Compl., Nov. 1, 2012, ECF No. 176), which Lomozow also moved to dismiss for failure to cure the defects in the SAC as against him. The Court granted the motion for the same reasons it granted his previous motion. Plaintiff asked the Court to reconsider, and the Court denied the motion.

## II.  DISCUSSION

      The Trustee in the Chapter 7 bankruptcy case of Asset Resolution, LLC, Case No. 09-bk-

32824, has asked the Court to consolidate Case No. 12-ap-1154 into the present case and permit the Claims Recovery Trust to be substituted as a Plaintiff under Rule 25.  The Trustee claims that the Claims Recovery Trust has succeeded to the interests of Plaintiffs in both cases, i.e.: (1) the various tort claims of the Direct Lenders in the present case against Tyson Lomazow; and (2) the malpractice claims of Compass entities against Lomazow and his two former law firms in the '1154 Case.  None of the Direct Lender Plaintiffs have objected.  Lomazow previously objected to the motion because there were pending motions to dismiss, which the Court has since ruled on.  However should the appropriate party wish in the future to file a motion for attorneys fees and costs, for relief from judgment, etc., it is appropriate for the proper party to be joined now if the interest in the claims have indeed been transferred.  Finally, the Court has already consolidated the '1154 Case into the present case in response to a motion filed in that case. (*See* Order, May 29, 2013, ECF No. 52 in Case No. 12-ap-1154).

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Substitute and Consolidate (ECF No. 184) is GRANTED IN PART and DENIED IN PART as moot.  The Court grants the motion to substitute the Claims Recovery Trust as the Plaintiff in the present consolidated case, but cases have already been consolidated.

IT IS SO ORDERED.

Dated this 30th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge