1  THE MAJORIE FIRM LTD.
   Francis B. Majorie PC (*Pro Hac Vice*)
2  3514 Cedar Springs Road
   Dallas, Texas 75219
3  Telephone: (214) 522-7400
   Fax Number: (214) 522-7911
4  *Attorneys for Plaintiff The Claims Recovery Trust
   In The Consolidated Action*

5
   PISANELLI BICE PLLC
6  Todd L. Bice, Esq., Bar No. 4534
   3883 Howard Hughes Parkway, Suite 800
7  Las Vegas, Nevada 89169
   Telephone: (702) 214-2100
8  Facsimile: (702) 214-2101
   TLB@pisanellibice.com
9
   MUNGER, TOLLES & OLSON LLP
10 Lawrence C. Barth *(pro hac vice)*
   Kevin S. Allred *(pro hac vice)*
11 355 South Grand Avenue, 35th Floor
   Los Angeles, CA 90041
12 Telephone: (213) 683-9100
   Facsimile: (213) 687-3702
13
   *Attorneys for Defendants Weil Gotshal & Manges LLP,*
14 *Milbank, Tweed, Hadley & McCloy LLP, and*
   *Tyson Lomazow In The Consolidated Action*
15

16                    UNITED STATES DISTRICT COURT

17                          District of Nevada

18 LEONARD C. ADAMS, et al.,           ) Case No. 3:11-cv-00210-RCJ-VPC
                   Plaintiffs,          )
19 v.                                   ) Case No. 2:12-ap-01154-RCJ-VPJ
                                        ) (consolidated case)
20 COMPASS PARTNERS, LLC, et al.,       )
                                        )
                   Defendants.          )
21 _____      )
                                        )
22 CONSOLIDATED CASE:                   ) ORDER OF SEVERANCE AND DISMISSAL
                                        ) WITH PREJUDICE AS TO CLAIMS BY
23 CLAIMS RECOVERY TRUST, et al.,       ) PLAINTIFF CLAIMS RECOVERY TRUST
                                        ) AGAINST DEFENDANTS WEIL, GOTSHAL
24            Plaintiff/Trustee,        ) & MANGES LLP, MILBANK, TWEED,
          vs.                           ) HADLEY & MCCLOY LLP, AND TYSON
25                                      ) LOMAZOW IN CONSOLIDATED CASE
   WEIL, GOTSHAL & MANGES LLP, et al.,  )
26            Defendants                )
                                        )
27                                      )

28

22164334.1

The Court has considered the joint motion to sever and dismiss filed on December 9, 2013 (the "Motion") [Doc. 212] by Plaintiff Claims Recovery Trust and defendants Weil, Gotshal & Manges LLP ("Weil"), Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), and Tyson Lomazow ("Lomazow") and finds that good cause exists for granting the Motion. The Court therefore rules as follows:

1. On September 6, 2102, this Court entered an order (the "Asset Resolution Agreed Order") [AR BK Dkt. No. 1915] which set forth the terms of and approved an omnibus settlement between the chapter 7 bankruptcy estates (the "Estate") being jointly administered under the lead case pending in this Court styled *In re Asset Resolution, LLC*, Case No. BK-S-09-32824-RCJ (D. Nev.) and parties referred to in that order as the "B&B DL Settling Clients" and "Silar Parties." In connection with that settlement, the Court approved formation of the movant Claims Recovery Trust pursuant to the "Claims Recovery Trust Agreement" which was attached to the order and made a part thereof and which both governs the operations of the Claims Recovery Trust and further implements the settlement terms established in and approved by the Asset Resolution Agreed Order.

2. Paragraphs 26 through 31 and 142 of the Asset Resolution Agreed Order affirm the identities of the "B&B DL Settling Clients," who transferred and assigned all of their actual and potential claims and causes of action against Weil, Milbank, and Lomazow (jointly and severally, the "Lawyer Defendants"), known and unknown, asserted and unasserted, whether accrued or unaccrued, whether now existing or hereafter arising, including but not limited to all actual and potential claims relating to the subject matters of the 892 Case or the 210 Case (collectively, "Causes of Action"), to the Claims Recovery Trust as part of the settlement approved in that order. Paragraphs 50 and 142 of the Asset Resolution Agreed Order also confirmed the valid transfers and assignments to the Claims Recovery Trust of all Causes of Action against the Lawyer Defendants by Boris Piskun, the Estate and the Silar Parties (collectively with the B&B DL Settling Clients, the "Settling Parties"). Paragraph 155 of the Asset Resolution Agreed Order and section 3.6 of the

Claims Recovery Trust Agreement appointed and further vested the Claims Recovery Trust with the power to pursue and settle Causes of Action against the Lawyer Defendants held by the B&B DL Settling Clients, the Estate, Piskun and/or the Silar Parties even if there was a "Disabling Condition" which prevented or might prevent a transfer of legal title to such Causes of Action to the Claims Recovery Trust. The Court hereby reaffirms and again finds and holds that all Causes of Action of each of the Settling Parties against any of the Lawyer Defendants have validly been assigned to or otherwise succeeded to and vested in the Claims Recovery Trust. The effect of these provisions is that a release of claims against the Lawyer Defendants by the Claims Recovery Trust binds the Estate, the B&B DL Settling Clients, Boris Piskun, and the Silar Parties as if they had executed the release themselves, and functions as a release of all Causes of Action at any time held by any of the Settling Parties.

3. Among the causes of action "assigned" to the Claims Recovery Trust under the Asset Resolution Agreed Order were the claims asserted by the Estate (through William A. Leonard, Jr, as trustee ("Trustee")) in the adversary proceeding styled William A. *Leonard, Jr. v. Weil, Gotshal & Manges, LLP, et al.*, Case No. 2:12-ap-01154-RCJ (the "1154 Adversary"), as well as all other potential Causes of Action against the Lawyer Defendants.

4. On May 29, 2013, this Court entered an order in the 1154 Adversary directing that the 1154 Case be consolidated as a member case with the case styled *Leonard C. Adams et al. v. Compass Partners LLC, et al.*, Case No. 3:11-cv-00210-RCJ-VPC (the "210 Case") and that the 210 Case serve as the lead case. [1154 Doc. 53]

5. On August 30, 2013, the Court entered an order in the 210 Case substituting the Claims Recovery Trust as the Plaintiff for the claims originally asserted in the 1154 case. [210 Doc. 206]

6. No party in the 210 Case except the Claims Recovery Trust (and previously its Assignors, the D&B DL Settling Clients) has asserted any claims against the Lawyer Defendants.

All claims against the Lawyer Defendants in the 210 Case have been dismissed with prejudice.

7. Claims Recovery Trust and Lawyer Defendants have announced to the Court that they have settled their dispute and have requested that the Court enter an order severing the 1154 Adversary from the 210 Case entering an immediate dismissal of the severed case.

8. The Court finds that good cause exists for granting the Motion and for de-consolidating and severing the 1154 Case from the 210 Case and then dismissing the 1154 Case.

9. The Court further finds that there is no just reason for delaying entry of a final judgment dismissing the Lawyer Defendants.

IT IS THEREFORE HEREBY ORDERED THAT:

1. The Motion is granted.

2. The 1154 Case is hereby de-consolidated and severed once again into its own case (to be styled *Claims Recovery Trust v. Weil, Gotshal & Manges, LLP, et al.*, Case No. 2:12-ap-01154-RCJ.

3. The Claims Recovery Trust shall receive payment of the fees approved for the Lawyer Defendants in the Gess matter under orders entered by the Court in the action styled *3685 San Fernando Lenders, LLC, v. Compass USA SPE, LLC, et al.*, Case No. 2:07-cv-00892-RCJ-GWF (the "892 Case") on August 28, 2010 [892 Case Docs. 1440 & 1657-1] and August 13, 2009 [892 Case Docs. 1382 & 1657-2] and as agreed to by the parties and approved by the Court on the record on August 5, 2009 [892 Case Docs. 1359 & 1657-6 at 6-8], and as further agreed by the Lawyer Defendants pursuant to their settlement with the Claims Recovery Trust. Such payment shall be made out of the escrowed funds held by the Trustee under the Order Approving Disbursement Of Some Escrow Funds To Greenberg Traurig, LLP And Transfer Remaining Escrow Balance To The Estate entered in the Asset Resolution Bankruptcy Cases on April 26, 2013 [AR Bk Doc. 2056] and the Order granting Motion For Entry Of Agreed Order (ECF 2321) entered in the 892 Case on September 16, 2013 [892 Case Doc. 2338].

4.   The Clerk shall file a copy of this Order in the record of the newly-severed case and, upon such filing, the newly-severed case shall be deemed dismissed with prejudice (with all parties to bear their own costs and attorney's fees).

5.   The Clerk shall also indicate on the docket of the 210 Case that Weil, Milbank, and Lomazow are no longer parties to the 210 Case.

IT IS SO ORDERED this 11th day of December, 2013.

_____
Hon. Robert C. Jones
UNITED STATES DISTRICT JUDGE

AGREED:

DATED this 9th day of December, 2013

By: /s/Todd L. Bice
Todd L. Bice, Esq., Bar No. 4534
PISANELLI BICE, PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

Lawrence C. Barth, Esq.
Kevin S. Allred, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560

*Attorneys for Defendants Weil, Gotshal & Manges, LLC; Milbank, Tweed, Hadley & McCloy, LLC; and Tyson Lomazow In Consolidated Case*

DATED this 9th day of December, 2013

By: /s/Francis B. Majorie
Francis B. Majorie, PC (*pro hac vice*)
THE MAJORIE FIRM LTD
3514 Cedar Springs Road
Dallas, Texas 75219

*Attorneys for Plaintiff Claims Recovery Trust In Consolidated Case*