DANIEL T. HAYWARD
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
*Attorneys for the Compass Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD C. ADAMS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMPASS PARTNERS, LLC, *et al.*, <br><br> Defendants. | Case No. 3:11-cv-00210-RCJ-VPC |

**STIPULATION / JOINT MOTION TO EXTEND DISPOSITIVE MOTION AND PROPOSED JOINT PRETRIAL ORDER DUE DATES PENDING COMPLETION OF PROPOSED SETTLEMENT (FOURTH REQUEST)**
**AND**
**REQUEST FOR STATUS CONFERENCE**

The Plaintiff Direct Lenders, by and through their attorneys Michael J. Collins and Robert M. Millimet of Brewer, Attorneys and Counselors and Lisa Rasmussen of the Law Office of Lisa Rasmussen, Plaintiff Direct Lender Daniel Newman, by and through his attorneys Michael J. Collins and Robert M. Millimet of Brewer, Attorneys and Counselors and David Clark of Lipson, Neilson, Cole, Seltzer & Garin, P.C., Defendants David Blatt, Jay Cohen, Leonard Mezei, Ron Friedman, Compass Financial Partners, LLC, Compass FP Corp., Compass Partners, LLC, Compass USA GP, LLC, Compass USA Holding, LLC, Compass USA, LP, Compass USA SPE, LLC, Economic Growth Group, Inc., and Repotex, Inc. (collectively, the "Compass Defendants"), by and through their attorneys Daniel T. Hayward and Holly S. Parker

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521

of Laxalt & Nomura, Ltd., and Defendant Mark L. Olson, in pro per, hereby stipulate and jointly move the Court pursuant to LR IA 6-1, LR II 26-4, and FRCP 16(b)(4) for an Order extending the existing June 2, 2018 dispositive motion deadline and the existing July 31, 2018 proposed Joint Pretrial Order due date.

**The Plaintiff Direct Lenders and Compass Defendants' representatives have signed a proposed Settlement Agreement, and the Plaintiff Direct Lenders will soon be filing a Motion for Approval of Settlement.** However, there is insufficient time between now and the June 2, 2018 dispositive motion due date for the forthcoming Motion for Approval of Settlement to be fully briefed (in the event any opposition is filed) and decided by the Court.[1] And, the parties believe that the filing of a motion for summary judgment in the interim would likely be damaging to the cause of settlement. Further, if the proposed settlement is approved but one or more claims by non-settling Plaintiff Direct Lenders remain, the parties would be able to draft far more streamlined dispositive motions and a Joint Pretrial Order *after* it has been determined which specific loans – if any -- remain at issue.

The Plaintiff Direct Lenders are confirming their settlement vote totals and assessing how best to achieve Court approval of the settlement. Thus, the parties respectfully request that the Court set a status conference in approximately 60 days to discuss this case, including the Court's approval of the forthcoming Motion for Approval of Settlement.

This is the parties' fourth request for a continuance of these pretrial due dates and the related requested relief. It is the parties' first request for a status conference regarding these issues.

---

[1] The proposed Settlement Agreement has been approved by each of the Plaintiff Direct Lenders who were awarded damages against the Compass Defendants in the "892 Case," and who are appellees in those Compass Defendants' pending Ninth Circuit appeal. Thus, the proposed Settlement Agreement, if approved by the Court, will result in the dismissal of that pending appeal and the entry of a satisfaction of judgment regarding the 892 Case.

A. **Procedural history.**

This case was originally filed on March 6, 2011, by the Plaintiff Direct Lenders against the Compass Defendants and numerous other Defendants. Following various motions to dismiss, pleading amendments, and settlements, Plaintiffs filed a Second Amended Complaint on November 1, 2012 against the Compass Defendants, Oakbridge Capital Inc., Mark Olson, Windemere Capital, LLC, Tyson Lomazow, and the Citron Defendants. (ECF No. 176.)

The Compass Defendants filed an Answer and Affirmative Defenses to Second Amended Complaint in November 21, 2012. (ECF No. 179.)

Mark Olson filed an Answer in pro per on August 15, 2011. (ECF N0. 71.)

On January 7, 2013, the Plaintiff Direct Lenders and Compass Defendants submitted a Joint Proposed Case Management Order. (ECF No. 193.) On January 14, 2013, the Magistrate Judge entered Minutes of Proceedings concerning the telephonic Case Management Conference held earlier that day. (ECF No. 194.) It does not appear that a formal Discovery Plan and Scheduling Order was entered, presumably because the parties' efforts were completely focused on settlement. The parties proceeded to participate in periodic status conferences with the Court.

On March 11, 2013, Defendant Tyson Lomazow was dismissed from the case. (ECF No. 216.) On January 28, 2015, the claims against Defendants Oakbridge Capital Inc., Windemere Capital, LLC, and the Citron Defendants were dismissed. (ECF No. 218.)

Meanwhile, the parties to the "892 Case," which is on appeal before the Ninth Circuit Court of Appeals, entered into settlement negotiations in the course of the appellate process. The scope of those negotiations was enlarged to include the parties and claims in this 210 Case in the hope of reaching a global resolution. On January 6, 2014, this Court entered an Order in the 892 Case (ECF No. 2356) setting a settlement conference before Judge Zive, which was held on January 30, 2014. On May 28, 2014, this Court entered an Order in the 210 Case (ECF No. 217) to facilitate the second session of the settlement conference with Judge Zive, which took place on

July 31, 2014. Very lengthy and complex negotiations continued between the Compass Defendants and a representative of the Plaintiff Direct Lenders, under the general oversight of the Ninth Circuit mediator, which ultimately culminated in the execution of a written proposed Settlement Agreement by the Compass Defendants and the representative of the Plaintiff Direct Lenders in October 2016, subject to the affirmative vote of the Plaintiff Direct Lenders and approval by the Court.[2]

During a January 26, 2017 status conference, the Court set this matter for a two-week jury trial commencing June 19, 2017. (ECF No. 243.) This was the first trial date which had been set in this case. On May 26, 2017, the remaining parties submitted a Stipulation / Joint Motion to Continue Trial in Light of Pending Proposed Settlement Agreement, and if Necessary to Re-Open Discovery, and Set Scheduling Order. (ECF No. 246.) The Court entered an Order granting the Stipulation / Joint Motion. (ECF No. 248.) The parties submitted a Proposed Discovery Plan and Scheduling Order on June 5, 2017 (ECF No. 249), which the Court approved on July 27, 2017 (ECF No. 251).

On November 28, 2017 the remaining parties submitted a Stipulation / Joint Motion to Extend Dispositive Motion and Proposed Joint Pretrial Order Due Dates Pending Completion of Proposed Settlement (Second Request). (ECF No. 254.) The Court entered an Order granting the Stipulation / Joint Motion on December 13, 2017 (ECF No. 256), after the parties filed a Notice of Pending Vote re: Proposed Settlement Agreement on December 12, 2017 (ECF No. 255).

On March 28, 2018, the remaining parties submitted a Stipulation / Joint Motion to Extend Dispositive Motion and Proposed Joint Pretrial Order Due Dates Pending Completion of

---

[2] On May 16, 2016, the Court authorized attorney David Clark of Lipson, Neilson, Cole, Seltzer & Garin, P.C., to substitute in the place of attorney Lisa Rasmussen for Plaintiff Daniel Newman. (ECF No. 229.)

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521

Proposed Settlement (Third Request). (ECF No. 260.) The Court entered an Order granting the Stipulation / Joint Motion on March 29, 2018 (ECF No. 261).

Since March 29, 2018, the Plaintiff Direct Lenders' representatives and counsel have continued to work diligently to communicate with, and tally the settlement votes of, the Plaintiff Direct Lenders. That process is not quite complete. Thus, the Compass Defendants are unable to comply with the current June 2, 2018 dispositive motion deadline because it is not yet known which loans, if any, will remain at issue if the proposed Settlement Agreement is approved by the Court.

For these reasons, the Plaintiff Direct Lenders, the Compass Defendants, and Mark L. Olson respectfully stipulate and jointly move the Court to extend the current June 2, 2018 dispositive motion deadline by 90 days and the current July 31, 2018 proposed Joint Pretrial Order by at least 59 days, and to set a status conference in approximately 60 days, so as to facilitate the completion of the Settlement Agreement approval process by the Court and the possible global resolution of both this 210 Case and the 892 Case, or alternatively the economical processing of the remaining claims at issue in this case.

**B.      Statement of discovery completed to-date (per LR II 26-4).**

The Plaintiff Direct Lenders, by and through their representative, have conducted certain confidential financial discovery with regard to the individual Compass Defendants in furtherance of the settlement conference process with the assistance of Judge Zive and the Ninth Circuit mediator.

The Compass Defendants have served their FRCP 26(a)(1) Disclosure on March 16, 2017. Mark Olson served his FRCP 26(a)(1) Disclosure on June 19, 2017.

No written discovery or depositions regarding the issues of liability and damages has taken place during the ongoing settlement negotiations, which resulted in a signed proposed

Settlement Agreement in early October 2016, and the initial completion of the voting process in March 2018.

**C.  Statement of discovery remaining to be completed (per LR II 26-4).**

The parties are hopeful that the proposed Settlement Agreement will result in a resolution of this matter, and that additional discovery will not be necessary. However, the parties wish to discuss during the requested status conference whether and to what extent any additional discovery may be permitted with regard to the claims of those Plaintiff Direct Lenders who do not approve the proposed Settlement Agreement.

**D.  Statement of reasons why discovery has not been completed (per LR II 26-4).**

As set forth above, the parties have not previously conducted discovery on liability and damages issues due to the ongoing productive settlement discussions, which commenced at an early date in this matter following the pleadings / motion-to-dismiss stage, and out of a mutual desire to avoid incurring substantial costs and attorney's fees which may have rendered it more difficult – if not impossible -- for the Compass Defendants to fund the proposed settlement, and which may have increased the costs to the Plaintiff Direct Lenders.

**E.  Proposed schedule for completing all remaining discovery (per LR II 26-4).**

The parties request a new deadline for filing dispositive motions of not earlier than **August 31, 2018** (an extension of 90 days). The parties further request that the Court entertain a possible longer continuance at the proposed status conference.

The parties further request that the Court enter a new deadline for the parties to submit a proposed Joint Pretrial Order of not earlier than **September 28, 2018** (an extension of 59 days), or in the event one or more dispositive motions are filed, the date for filing the proposed Joint Pretrial Order shall be continued until thirty days after the Court files its decision on the last of the dispositive motions. The parties further request that the Court entertain a possible longer

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521

Page 6 of 9

continuance at the proposed status conference. All motions in limine shall be submitted with the proposed Joint Pretrial Order.

**F.  Request for status conference.**

The parties jointly request a status conference to take place in approximately 60 days to discuss the matters described above.

**G.  Conclusion.**

For the foregoing reasons, the parties to this action respectfully request that the Court enter its Order granted the foregoing relief.

DATED this 17th day of May, 2018.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Daniel T. Hayward
　　　　　　　　　　　　　　　　　　　Nevada State Bar No. 5986
　　　　　　　　　　　　　　　　　　　LAXALT & NOMURA, LTD.
　　　　　　　　　　　　　　　　　　　9790 Gateway Drive, Suite 200
　　　　　　　　　　　　　　　　　　　Reno, Nevada 89521
　　　　　　　　　　　　　　　　　　　Telephone: (775) 322-1170
　　　　　　　　　　　　　　　　　　　Facsimile: (775) 322-1865
　　　　　　　　　　　　　　　　　　　dhayward@laxalt-nomura.com
　　　　　　　　　　　　　　　　　　　hparker@laxalt-nomura.com
　　　　　　　　　　　　　　　　　　　*Attorneys for the Compass Defendants*

DATED this 17th day of May, 2018.

　　　　　　　　　　　　　　　　　　　*/s/ Robert M. Millimet*
　　　　　　　　　　　　　　　　　　　Michael J. Collins
　　　　　　　　　　　　　　　　　　　Robert M. Millimet
　　　　　　　　　　　　　　　　　　　Brewer Attorneys & Counselors
　　　　　　　　　　　　　　　　　　　1717 Main Street
　　　　　　　　　　　　　　　　　　　Suite 5900
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　Telephone: (214) 653-4000
　　　　　　　　　　　　　　　　　　　Facsimile: (214) 653-1015
　　　　　　　　　　　　　　　　　　　rmm@brewerattorneys.com
　　　　　　　　　　　　　　　　　　　mjc@brewerattorneys.com
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521

Page 7 of 9

DATED this 17th day of May, 2018.

/s/ Lisa Rasmussen
Lisa Rasmussen
Law Office of Lisa Rasmussen
601 South 10th Street
Suite 100
Las Vegas, Nevada 89101
Telephone: (702) 471-1436
Facsimile: (702) 489-6619
lisa@lrasmussenlaw.com
jim@RasmussenLaw.onmicrosoft.com
secretary@lrasmussenlaw.com
terry@lrasmussenlaw.com
*Attorneys for Plaintiffs (except Daniel Newman)*

DATED this 17th day of May, 2018.

/s/ David Clark
David Clark
Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive
Suite 120
Las Vegas, Nevada 89144
Telephone: (702) 382-500
Facsimile: (702) 382-1512
dclark@lipsonneilson.com
jgarin@lipsonneilson.com
*Attorneys for Plaintiff Daniel Newman*

DATED this 17th day of May, 2018.

/s/ Mark L. Olson
Mark L. Olson, *in pro per*
6996 Alexandra's Oak Court
Cincinnati, OH 45248-1050
Telephone: (702) 353-6540
marklolson@hotmail.com

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521

[PROPOSED]

## ORDER

Based on the stipulation and joint motion of the parties hereto, and good cause appearing therefore, it is HEREBY ORDERED the remaining pretrial due dates are extended as follows:

1. The deadline for the filing of dispositive motions shall be August 31, 2018.
2. The deadline for the filing of the proposed Joint Pretrial Order shall be September 28, 2018, but in the event one or more dispositive motions are filed, the date for filing the Joint Pretrial Order shall be continued until thirty days after the Court files its decision on the last of the dispositive motions. All motions in limine shall be submitted with the proposed Joint Pretrial Order.
3. The Court will set a status conference regarding this matter to take place in approximately 60 days, subject to the Court's availability.

IT IS HEREBY ORDERED that a Status Conference is set for 10:00 A.M., Tuesday, August 7, 2018, in Reno Courtroom 3, before Judge Robert C. Jones.

IT IS FURTHER ORDERED that out-of-state counsel who request telephonic appearances shall file a Request to Appear Telephonically with the Court on or before 5:00 P.M., Friday, July 27, 2018.

Signed this 23rd day of May, 2018.

_____
Robert C. Jones, Senior District Judge

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE
SUITE 200
RENO, NEVADA 89521