DANIEL T. HAYWARD
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
*Attorneys for the Compass Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD C. ADAMS, et al. | Case No. 3:11-cv-00210-RCJ-VPC |
| Plaintiffs, | |
| v. | |
| COMPASS PARTNERS, LLC, et al., | |
| Defendants. | |

**ORDER DISMISSING THE NON-VOTING AND NON-SETTLING INDIVIDUAL DIRECT LENDERS' CLAIMS WITH PREJUDICE**

On July 24, 2018 this Court entered an Agreed Order Approving Settling Agreement (the "Settlement Order") with respect to a settlement reached by 851 Individual Direct Lender Plaintiffs (the "Settling Plaintiffs"). (ECF No. 275.) At the time, there were five Plaintiffs who had voted against the settlement (the "Non-Settling Plaintiffs"), and 78 Plaintiffs who had not voted for or against the settlement (the "Non-Voting Plaintiffs"). (*Id.*, para. 8-10.) At paragraph 14 of the Settlement Order, the Court stated:

> 14. Attorneys for the Settling Plaintiffs shall promptly serve a copy of this Order on all Non-Settling and Non-Voting Plaintiffs, and remind those plaintiffs that, if they desire to continue to pursue their Causes of Action against the Compass Defendants and Mark Olson, they must appear through new counsel or in *pro per* at the status conference currently set to occur at the Bruce R. Thompson Federal Courthouse, Courtroom 3, 400 S. Virginia Street, Reno, Nevada, 85901, on August 7, 2018, at 10:00 a.m.

(*Id.*, para. 14.)

On Tuesday, August 7, 2018, at 10:00 a.m. the Court convened the status conference referenced in the Settlement Order. Present in the courtroom was attorney Daniel T. Hayward of Laxalt & Nomura, Ltd., on behalf of Defendants David Blatt, Jay Cohen, Leonard Mezei, Ron Friedman, Compass Financial Partners, LLC, Compass FP Corp., Compass Partners, LLC, Compass USA GP, LLC, Compass USA Holding, LLC, Compass USA, LP, Compass USA SPE, LLC, Economic Growth Group, Inc., and Repotex, Inc. (collectively, the "Compass Defendants"). Mr. Hayward advised that timely notice of the contents of paragraph 14 of the Settlement Order was given by Plaintiffs' counsel to the Non-Voting and Non-Settling Defendants. None of the 78 Non-Voting Plaintiffs and five Non-Settling Plaintiffs were present in the Courtroom, nor did they make arrangements to appear telephonically or otherwise respond to paragraph 14 of the Court's July 24, 2018 Settlement Order.

Defense counsel orally moved the Court to dismiss the Non-Voting and Non-Settling Plaintiffs' remaining claims pursuant to Federal Rule of Civil Procedure Rule 41(b). Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. *See Link v. Wabash R.R.,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("expressly recogniz[ing]" the district court's authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, finding that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts."); *Pagtalunan v. Galaza,* 291 F.3d 639, 640–43 (9th Cir.2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order"). However, because "dismissal is a harsh penalty, ... it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir.1990)).

The Court must weigh five factors In considering whether to dismiss an action for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan v. Galaza, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1260–61). The Court finds that each of the five factors weigh in favor of dismissal.

### 1. The public's interest in expeditious resolution of litigation.

This case was originally filed on March 21, 2011. (ECF No. 1.) The Compass Defendants and Plaintiffs, through their attorneys and representatives, have been engaged in court-facilitated settlement discussions since at least January 2014. (ECF No. 2356 in the 892 Case; see also ECF No. 217 in the 210 Case.) At some point, this litigation must be resolved. The Non-Voting and Non-Settling Plaintiffs have elected not to participate in the settlement, which is of course their right. However, they have further elected not to appear at the August 7, 2018 status conference, as they were required to do by paragraph 14 of the Settlement Order if they wished to continue to pursue their claims. The Court is not inclined to further extend the pre-trial deadlines in order to inquire, again, whether any remaining Plaintiffs intend to proceed.

The Court notes that pursuant to paragraph 13 of the Settlement Order, the Non-Voting and Non-Settling Plaintiffs still have the option of voting to approve the settlement prior to the Effective Date of the settlement, in which case each such Plaintiff will be deemed a "Settling Plaintiff" under the Order and be entitled to participate in and receive their *pro rata* interest in the settlement. (*See* ECF No. 275, para. 13.)

### 2. The Court's need to manage its docket.

For the same reasons articulated above, this factor favors dismissal under Rule 41(b). The trial of this matter could involve the presentation of evidence regarding the Compass Defendants' servicing of multiple fractionalized loans, and could consume several weeks. The

Compass Defendants and Defendant Mark Olson are faced with a pending dispositive motion due date of August 31, 2018, and a joint pre-trial order due date of September 28, 2018. However, prior to the August 7, 2018 status conference they could not be certain which Plaintiffs intended to proceed with their claims, which loans remain at issue, or what the present-day calculation of the Plaintiffs' damages may be. The Court's need to manage it docket weighs in favor of dismissal.

### 3. The risk of prejudice to the defendants.

As set forth above, the Compass Defendants and Defendant Mark Olson are faced with a pending dispositive motion due date of August 31, 2018, and a joint pre-trial order due date of September 28, 2018. Yet as of the morning of the August 7, 2018 status conference they remained uncertain which Plaintiffs intended to proceed with their claims, which loans remain at issue, or the nature of the remaining Plaintiffs' damages calculations. The Compass Defendants and Defendant Mark Olson faced the prospect of attempting to prepare complex motions for summary judgment, and voluminous joint pre-trial order submissions, without an understanding of which of 83 possible Non-Voting and Non-Settling Plaintiffs even intended actively pursue claims against them. This factor also favors dismissal.

### 4. The availability of less drastic alternatives.

The Non-Voting Plaintiffs had ample opportunity to declare whether they intended to settle or proceed with their claims. (*See* Settlement Order, ECF No. 275, at para. 11.) Both the Non-Voting and Non-Settling Plaintiffs were also notified of their obligation to appear at the August 7, 2018 status conference and advise whether the wished to continue to pursue their claims. None appeared. The Court has no reason to expect that still further notices would yield a different result. Meanwhile, the Court, the Compass Defendants, and Defendant Mark Olson are entitled to finality. This factor favors dismissal.

**5. The public policy favoring disposition of cases on their merits.**

While public policy favors adjudication on the merits, this factor ceases to militate against dismissal when the parties whose claims are to be involuntarily dismissed have demonstrated no desire or intention to proceed. Accordingly, this factor favors dismissal.

**6. The Non-Voting and Non-Settling Plaintiffs' non-appearance is consistent with an intention not to proceed.**

Finally, the Court further notes that some or all of the Non-Voting or Non-Settling Plaintiffs may have decided, upon review of paragraph 14 of the July 24, 2018 Settlement Order, that they affirmatively do not wish to proceed with their claims. To the extent that is indeed the case, such Plaintiffs have not failed to comply with the Court's Order, but rather have implicitly advised the Court and the remaining Defendants through their non-appearance at the August 7, 2018 status conference that they do not wish to proceed, and that they consent to dismissal of their claims. (*See* ECF No. 275, para. 14.)

Based on the Court's finding that each of the five *Pagtalunan* factors favors dismissal, **IT IS HEREBY ORDERED** that:

1. the Compass Defendants' oral motion to dismiss the Non-Voting and Non-Settling Plaintiffs' remaining claims pursuant to Federal Rule of Civil Procedure 41(b) is hereby GRANTED;

2. each of the remaining 78 Non-Voting Plaintiffs' claims against the Compass Defendants and Defendant Mark Olson, and each of the five Non-Settling Plaintiffs' claims against the Compass Defendants and Defendant Mark Olson, are hereby DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) based on the Non-Voting and Non-Settling Plaintiffs' failure to comply with the Court's July 24, 2018 Settlement Order (ECF No. 275);

3. in the alternative, to the extent some or all of the Non-Voting or Non-Settling Plaintiffs decided, upon review of paragraph 14 of the Settlement Agreement, that they do not wish to proceed to pursue their claims in this case, the Court concludes that they have indicated such an intention through their non-appearance at the August 7, 2018 status conference and accordingly each of their claims against the Compass Defendants and Defendant Mark Olson is hereby DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and

4. this is a final appealable order which fully and finally resolves the remaining claims in this case by all remaining Plaintiffs against all remaining Defendants, subject only to the terms of the Settlement Order (ECF No. 275), and the Court's exercise of *in rem* jurisdiction to hear and rule upon motions concerning the Protective Advance Loans (*Id.*, para. 30);

5. for avoidance of doubt, the Court further states:

   a. pursuant to paragraph 13 of the Settlement Order, the Non-Voting and Non-Settling Plaintiffs still have the option of voting to approve the settlement prior to the Effective Date of the settlement, in which case each such Plaintiff will be deemed a "Settling Plaintiff" under the Order and be entitled to participate in and receive their *pro rata* interest in the settlement. (*See* ECF No. 275, para. 13.)

   b. this order has no effect on the Settling Plaintiffs as described in the Settlement Order, the disposition of whose claims are addressed in the Settlement Order. (ECF No. 275.)

**IT IS SO ORDERED** this  9th  day of August, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

_____
DANIEL T. HAYWARD
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
*Attorneys for the Compass Defendants*